IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AARON RUBENSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>E.W. SCRIPPS CO.,<br><br>    Nominal Defendant,<br><br>and<br><br>GAMCO ASSET MANAGEMENT INC.,<br><br>    Defendant. | Case No. _____<br><br>Judge _____<br><br>Magistrate Judge _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR RECOVERY OF SHORT SWING PROFITS
UNDER 15 U.S.C. § 78p(b)**

Plaintiff Aaron Rubenstein ("Plaintiff"), by his attorneys, as and for his Complaint against the Defendant, respectfully alleges the following upon information and belief, except as to Paragraphs 7 and 14, which Plaintiff alleges on personal knowledge:

**NATURE OF THE ACTION**

1. This is an action to recover "short swing" profits under Section 16(b) of the Securities and Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b). Section 16(b) is a proscriptive strict liability statute, designed to prevent insider short swing trading by requiring all profits realized within any period of less than six months to be disgorged to the company. Statutory "insiders" – i.e., directors, officers, or more than 10% shareholders – are subject to an irrebuttable presumption of access to non-public information, and a fiduciary obligation to either

1

refrain from short swing purchases and sales, or to disgorge their profits from trading as required by the statute.

2. To state a claim for recovery of profits under Section 16(b), a plaintiff is required to prove only that a defendant was an insider of a public company, who profited from a purchase and sale of the company's securities within a period of less than six months. The insider's actual knowledge or intent to trade within periods of less than six months is irrelevant, and the mandatory disgorgement remedy is automatic and non-punitive, with no implication of any wrongdoing.

3. Defendant GAMCO Asset Management Inc. ("GAMCO") is a registered investment advisor and the discretionary investment manager for GAMCO-affiliated funds and an unspecified number of segregated accounts within GAMCO's custody, and over which GAMCO exercises voting and investment control. GAMCO acquired "beneficial ownership" of more than 10% of the common stock issued by Nominal Defendant E.W. Scripps Co. ("Scripps" or the "Company") by investing the funds and accounts in Scripps, for the purpose of controlling Scripps by engaging in a proxy campaign to elect a slate of GAMCO nominees to the Scripps board of directors in opposition to the Company's proposed board nominees, and voted the shares held on behalf of the GAMCO-managed funds and accounts in support of the GAMCO nominees. As a result of GAMCO's effort to control Scripps through the funds and accounts under GAMCO's management, GAMCO and the funds and account owners authorizing GAMCO to vote their Scripps shares for a control purpose, comprised a "group" of 10% "beneficial owners" of Scripps securities under GAMCO's collective control within the meaning of Section 13(d) of the Act, and GAMCO and all of the GAMCO-managed account owners were individually subject to Section 16(b).

4. Following GAMCO's commencement of a proxy campaign to elect GAMCO's nominees to the Scripps board, and while exercising collective trading and voting authority over more than 10% of Scripps common stock on behalf of the GAMCO-managed funds and account owners in support of that campaign, GAMCO purchased and sold Scripps securities, on behalf of one or more of the accounts, within periods of less than six months. GAMCO, as the manager of the accounts and agent of the undisclosed account owners, is required to account for all short swing profits realized in any of the funds or accounts, and to compel the disgorgement of any such profits to Scripps from the funds or accounts, on behalf of GAMCO and each of the funds and account owners to the extent of their respective "pecuniary interests" in the accounts (including by identifying the relevant funds and underlying account owners, to the extent necessary to compel their respective compliance with Section 16(b)).

## JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

6. Venue is proper in this District Court under Section 27 of the Act, 15 U.S.C. § 78aa. Nominal Defendant Scripps is headquartered within the District. As further alleged herein, the transactions giving rise to liability were executing during a proxy contest between GAMCO and Scripps management, in which GAMCO sought control over Scripps.

## THE PARTIES

7. Plaintiff is a Rhode Island resident and a security owner of Scripps.

8. Nominal Defendant Scripps is a media and broadcasting company incorporated in Ohio, with principal offices at 312 Walnut Street, Cincinnati, Ohio 45202. This action is brought

in the right and for the benefit of Scripps, which is named as a defendant solely in order to have all necessary parties before the Court.

9. Defendant GAMCO is a New York corporation and registered investment advisor with principal headquarters at 1 Corporate Center, Rye, New York 10580.

## STATUTORY REQUISITES

10. The violations of Section 16(b) described herein involve non-exempt transactions in non-exempt securities executed by and on behalf of non-exempt persons within the meaning of the Act.

11. At all relevant times, common stock issued by Scripps was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*(b).

12. At all relevant times, GAMCO was a "beneficial owner" of more than 10% of outstanding Scripps common stock held in the funds and accounts over which GAMCO exercised trading and voting authority in support of GAMCO's proxy campaign to elect GAMCO's nominees to the Scripps board; and, at all relevant times, the GAMCO funds and account owners contributing to GAMCO's cumulative beneficial ownership and supporting GAMCO's proxy campaign by delegating discretionary investment and voting authority to GAMCO comprised a "group" of shareholders under GAMCO's collective management, within the meaning of Section 13(d) and for purposes of determining their insider status under Section 16(b) of the Act.

13. At all relevant times, GAMCO and/or the GAMCO-managed funds and account owners had a "pecuniary interest" in the Scripps securities traded by GAMCO. The identities of the funds and account owners, and the amount of their respective "pecuniary interests" in any

Scripps securities purchased and sold by GAMCO within periods of less than six months, as alleged herein, are known only to GAMCO and subject to discovery in this action.

14. Demand for prosecution was first made by Plaintiff in a letter to the Scripps board dated May 7, 2018. Following discussions and correspondence with Plaintiff's counsel in response to Plaintiff's demand, counsel for Scripps declined to bring this action for disgorgement of the profits owed to Scripps under Section 16(b). Further delay in filing suit would be futile and could prejudice the Company's right to recover.

15. As of the date of this Complaint, GAMCO has refused to account for or disgorge short swing profits realized from Scripps securities transactions executed by GAMCO on behalf of the funds, or in any of the accounts under GAMCO's management. Because GAMCO has not identified the funds or accounts on behalf of which securities were purchased and sold, Plaintiff is presently unable to calculate the profits realized in, and subject to disgorgement from, each individual fund or account. Subject to discovery, Plaintiff estimates that total short swing profits of $492,000 were realized in the GAMCO-managed funds and accounts and are subject to recovery by Scripps.

16. This action is brought within two years of the occurrence of the violations described herein; or within two years of the time when relevant facts concerning the alleged transactions were first publicly disclosed or otherwise available to Plaintiff. Neither GAMCO nor any of the GAMCO-managed funds or accounts has filed the ownership and trading reports required by Section 16(a) of the Act, 15 U.S.C. § 78p(a). The statute of limitations has not yet begun to run as to any transactions that were insufficiently disclosed and cannot be identified as giving rise to Section 16(b) liability on the part of individual shareholders and GAMCO-group members.

**FACTUAL BACKGROUND**

A. **GAMCO's Proxy Campaign to Elect GAMCO's Nominees to the Scripps Board**

17. On August 16, 2017, GAMCO filed Schedule 13D (Amendment No. 9) with the SEC, which reported GAMCO's "beneficial ownership" of a total of 11.6% of outstanding Scripps common stock. Item 4 of GAMCO's Schedule 13D Am. No. 9 stated: "In light of the upcoming deadline to submit director nominations for consideration at the Issuer's 2018 Annual Meeting of Shareholders, GAMCO, on behalf of its investment advisory clients, is currently evaluating all of its options."

18. On October 6, 2017, GAMCO filed Schedule 13D (Amendment No. 10) with the SEC, which reported GAMCO's "beneficial ownership" of a total of 11.62% of outstanding Scripps common stock. Item 4 of GAMCO's Schedule 13D Am. No. 10 stated: "GAMCO intends on moving forward with the submission of nominations of up to three individuals for election to the Issuer's Board of Directors."

19. On January 31, 2018, GAMCO issued a press release announcing GAMCO's nomination of two directors (Vincent L. Sadusky and Colleen Birdnow Brown) for election to the Scripps board. The press release was attached as "Exhibit A" to the Schedule 13D (Amendment No. 11) filed by GAMCO on February 1, 2018, which reported GAMCO's "beneficial ownership" of a total of 11.83% of outstanding Scripps common stock.

20. On February 2, 2018, GAMCO sent a letter to Scripps notifying Scripps of GAMCO's intent to propose the election of GAMCO's two nominees to the Scripps board, and providing background information about GAMCO's nominees. This letter was attached as "Exhibit A" to the Schedule 13D (Amendment No. 12) filed by GAMCO on February 2, 2018,

which reported GAMCO's "beneficial ownership" of a total of 11.85% of outstanding Scripps common stock.

21. On February 5, 2018, GAMCO sent a letter to Scripps notifying Scripps of GAMCO's intent to propose the election of an additional GAMCO nominee (Raymond H. Cole) to the Scripps board, and providing background information about the nominee. This letter was attached as "Exhibit A" to the Schedule 13D (Amendment No. 13) filed by GAMCO on February 5, 2018, which reported GAMCO's "beneficial ownership" of a total of 11.88% of outstanding Scripps common stock.

22. On February 16 and February 27, 2018, Scripps filed preliminary proxy statements with the SEC (Forms PREC14A and PRER14A, respectively), which advised Scripps shareholders of GAMCO's intent to nominate 3 candidates for election to the Scripps board. Scripps stated that the Company opposed the election of GAMCO's "alternative" nominees. Scripps urged shareholders not to return GAMCO's proxy card, and instead to vote for the nominees that Scripps proposed for election.

23. On February 28, 2018, GAMCO filed a preliminary proxy statement with the SEC (Form PREC14A) advocating for the election of the 3 GAMCO nominees. On February 28, 2018, GAMCO also filed Schedule 13D (Amendment No. 14), which reported GAMCO's "beneficial ownership" of a total of 11.77% of outstanding Scripps common stock.

24. On March 26, 2018, GAMCO filed a definitive proxy statement (on Form DEFC14A) and accompanying proxy card soliciting Scripps shareholders to vote for GAMCO's 3 board nominees. On March 27, 2018, GAMCO also filed Schedule 13D (Amendment No. 15), which reported GAMCO's "beneficial ownership" of a total of 11.94% of outstanding Scripps common stock.

25. On April 13, 2018, GAMCO filed Schedule 13D (Amendment No. 16), which reported GAMCO's "beneficial ownership" of a total of 11.65% of outstanding Scripps common stock. All Scripps shares reported within GAMCO's "beneficial ownership" and voting control, as reported on GAMCO's Schedule 13D Amendments 9-16 (and as described in this Paragraph, and in Paragraphs 17-21 and 23-24) were to be voted by GAMCO, on behalf of and as authorized by GAMCO's managed funds and clients, in favor of GAMCO's board nominees.

26. Throughout the month of April 2018, and up until the date of the Company's annual shareholder meeting held on May 10, 2018, GAMCO and Scripps filed competing proxy statements, and issued competing press releases and public statements urging Scripps shareholders to vote for their respective board candidates.

27. On May 16, 2018, Scripps announced the results of the contested board election held at the Company's annual shareholder meeting: GAMCO's nominees lost the vote, and the Company's nominees were elected to the board.

B. **Short Swing Trading by GAMCO (*see* Exhibit A)**

28. Following GAMCO's announcement, in Schedule 13D Amendment No. 9, of GAMCO's intention to "consider all options" for including proposals in Scripps' proxy materials on behalf of GAMCO's investment advisory clients (as described in Paragraph 17), GAMCO's Schedule 13D Amendments No. 10-16 (as described in Paragraphs 18-21 and 23-25) reported purchases and sales of Scripps securities executed by GAMCO, including on behalf of GAMCO's advisory clients, within a period of less than six months. These transactions are enumerated on Exhibit A to this Complaint.

## **CLAIM FOR RELIEF**

### **(Profits Recoverable Under Section 16(b) of the Securities Exchange Act)**

29. In view of GAMCO's announced intention, as of August 16, 2017, to influence or control Scripps, including by voting the Scripps securities held on behalf of the GAMCO-advised funds and managed accounts in favor of GAMCO's board nominees, GAMCO was ineligible for the "beneficial ownership" exemption provided to investment advisors under SEC Rule 16a-1 and was required to aggregate and include all of the Scripps securities held in GAMCO's advised funds and managed accounts within GAMCO's discretionary investment or voting authority, which exceeded 10% of the outstanding Scripps common stock during the short swing trading period alleged herein.

30. As a result, GAMCO, and all of the funds and account owners delegating discretionary investment and voting authority to GAMCO and contributing to GAMCO's cumulative non-exempt "beneficial ownership" of Scripps securities, were members of a "group" with GAMCO, and each of GAMCO and the funds and accounts under GAMCO's discretionary management were attributed with GAMCO's 10% beneficial ownership and insider status for purposes of Section 16.

31. GAMCO, and each of GAMCO's managed funds and account owners as members of GAMCO's collectively managed "group" of beneficial owners, are required to disgorge their respective proportional pecuniary interests in any profits realized from the purchases and sales of Scripps securities executed and reported by GAMCO (as identified on Exhibit A).

32. GAMCO's individual funds or account owners had a direct, non-exempt pecuniary interest in some or all of the Scripps securities purchased and sold by GAMCO (as identified on Exhibit A). GAMCO, as the only disclosed agent of the unidentified GAMCO-managed funds and

account owners, must compel the disgorgement of any short swing profits realized from GAMCO's Scripps transactions from the fund or account in which such profits were realized.

33. Additionally, GAMCO (and/or individual GAMCO managers) had an indirect pecuniary interest in the Scripps securities traded by GAMCO on behalf of the funds and accounts, in the form of non-exempt "performance fees" earned by GAMCO from managing the funds or accounts. GAMCO must disgorge any performance fees derived from the purchases and sales of Scripps securities identified on Exhibit A, to the extent such profits are not duplicative of profits disgorged by the individual funds or account owners pursuant to the above Paragraph.

34. Because neither GAMCO nor any of the GAMCO-managed funds or account owners filed required Section 16(a) reports identifying the extent of their respective "pecuniary interests" in the Scripps securities traded by GAMCO, as reported in GAMCO's Section 13(d) reports and identified at Exhibit A, Plaintiff is unable to calculate the short swing profits subject to disgorgement by GAMCO or by any of the individual funds or accounts with certainty at this time. By matching all of the transactions identified at Exhibit A pursuant to the lowest-in, highest-out method prescribed under Section 16(b), Plaintiff estimates that GAMCO and all of the funds and account owners comprising GAMCO's "group" of beneficial owners, may be required to disgorge total profits of up to $492,000. This estimate is subject to revision following discovery concerning, e.g., the number of shares purchased or sold by GAMCO on behalf of any GAMCO affiliates, and on behalf of each individual GAMCO-managed fund or account owner.

## DEMAND FOR JURY TRIAL

35. Plaintiff hereby demands a trial by jury as to all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment:

a) Requiring GAMCO to account for, and to compel the disgorgement of, all short swing profits realized and retained by GAMCO or by any GAMCO-managed fund or account owner in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff his costs and disbursements, including reasonable attorney's, accountant's and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the Court may deem just and proper.

Dated: February 3, 2020

Respectfully Submitted,

   /s/ Fordham E. Huffman.
Fordham E. Huffman (0080270)
FISHERBROYLES LLP
30628 Detroit Road # 269
Westlake, OH 44145
Tel: (614) 371-8085
Fordham.huffman@fisherbroyles.com

Trial Attorney for Plaintiff Aaron Rubenstein

Miriam Tauber
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York NY 10075
(323)790-4881
MiriamTauberLaw@gmail.com

David Lopez
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd.
PO Box 323
Southampton NY 11969
(631) 287-5520
DavidLopezEsq@aol.com

Attorneys for Plaintiff Aaron Rubenstein
(*pro hac vice* applications pending)